

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00255-CR
_____

HUBERT EARL TEAGUE III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 80,847-E-CR, Honorable Douglas R. Woodburn, Presiding

June 8, 2022

## ORDER STRIKING ANDERS RESPONSE FILED BY COUNSEL

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Hubert Earl Teague III appeals his conviction for online solicitation of a minor[1] and sentence to six years' confinement. His appointed appellate counsel, Donna Christie, has filed a motion to withdraw and an *Anders* brief certifying that after a diligent search of the record, the appeal is without merit. Appellant's pro se response was originally due March 21, 2022.

---

[1] *See* TEX. PENAL CODE ANN. § 33.021(c).

On March 21, Appellant's trial counsel, James Wooldridge, filed a "Motion for Substitution of Counsel and Extension of time to File Appellant's Anders Response." We construed Wooldridge's motion as a notice of appearance and a request for an extension of time for Appellant to file a pro se response. *See Carrillo v. State*, No. 07-13-00186-CR, 2014 Tex. App. LEXIS 2324, at *3 (Tex. App.—Amarillo Feb. 24, 2014, order) (per curiam) (not designated for publication) (doing same). By letter, we permitted Wooldridge to assist Appellant in preparing a pro se response due April 20. Wooldridge, instead, filed a second request for an extension of time to file an *Anders* response. We stuck the motion and notified Appellant that the cause would be submitted on May 13. However, we also notified Appellant that if a pro se response was received before that date, it would be considered by the Court.

On May 13, Wooldridge filed an "Anders Response for the Appellant" fully briefing four issues for review. The response was signed by Wooldridge as "attorney" for Appellant. It prayed that we "sustain the Appellant's issues and reverse his conviction and remand this cause to the trial court and order the entry of acquittal, where appropriate, in favor of Appellant and against the State of Texas, or otherwise order Appellant be granted a new trial."

The procedure established in *Anders v. California* and its progeny contemplates the filing of a pro se response to a motion to withdraw and *Anders* brief, not a brief on the merits filed by new counsel. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967) ("A copy of counsel's brief should be furnished to the indigent and time allowed him to raise any points that he chooses."); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("Under *Anders*, an appellant has a right to

review the *Anders* brief that counsel submitted and to respond to it on his own."). The purpose of the pro se response "is not to permit the court of appeals to decide the case on the merits; it is intended only to alert the appellate court to any matters that the defendant believes might be arguable in a brief on the merits." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008). Accordingly, "the pro se filing is not a merits brief, it is merely an informal opportunity for the indigent defendant to present what he believes are claims or issues or areas of procedural or substantive concern that arguably deserve a full merits brief by a second attorney." *Id.*

Because the "Anders Response for the Appellant" was filed by an attorney and not by Appellant, pro se, and Wooldridge failed to comply with a previous order of the Court, we strike the document. *See Carrillo,* 2014 Tex. App. LEXIS 2324, at *5-6. If Appellant wishes to file a response, pro se, presenting what he believes are issues of procedural or substantive concern, he may do so by July 8, 2022, and it shall be considered by the Court. Appellant is free to rely on Wooldridge's work product in drafting the pro se response.

It is so ordered.

Per Curiam

Do not publish.